# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

**Civil Action No. 07-CV-01318-WDM**

---

**THOMAS SEVERINO, SR., THOMAS SEVERINO, JR., DAWN POREDA, GLENN POREDA, JOSEPH HONAHAN, KRISTIN HONAHAN, and JEFFREY OWENS,**

      **Plaintiffs,**

**v.**

**KLYTIE'S DEVELOPMENTS, INC.;
EFRAT FRIEDMAN;
HIDAI FRIEDMAN;
KLYTIE'S DEVELOPMENTS, LLC; and,
JASON J. SHARKEY,**

      **Defendants.**
**and**
**JASON J. SHARKEY, Cross-Claim Plaintiff**

**v.**

**EFRAT FRIEDMAN and HIDAI FRIEDMAN,**

      **Cross-Claim Defendants.**

---

### MOTION FOR STAY BY DEFENDANT, JASON SHARKEY, AND SUBMISSION IN SUPPORT OF MOTION FOR STAY FILED BY KLYTIE'S DEFENDANTS

---

Defendant, and Cross-Claim Plaintiff, JASON J. SHARKEY ( "Mr. Sharkey"), by his attorneys, BERLINER McDONALD, P.C., moves the Court for a stay of these proceedings, makes his submission in support of the Motion for Stay previously filed by the Klytie's Defendants (including Defendants Hidai Friedman and Efrat Friedman),

and informs the Court as follows:

1. On October 19, 2007, after a hearing on a Motion to Stay Litigation or, in the Alternative, for Declaratory Relief ("Motion for Stay") filed by Defendants Klytie's Developments, Inc, Klytie's Developments, LLC, Hidai Friedman, and Efrat Friedman ("the Klytie's Defendants), Hon. Magistrate Judge Boyd N. Boland ordered that parties supporting the Motion to Stay all or part of this case submit supplemental briefs on or before October 26, 2007.

2. On October 19, 2007, Defendant Jason Sharkey was indicted by the First Judicial District Grand Jury (Colorado) on six counts, alleging theft, and fraud and other prohibited conduct under specified sections of the Colorado Securities Act ("Indictment"). A copy of the Indictment is attached hereto and incorporated by reference herein as Exhibit A.

3. Hidai Friedman was also indicted by the First Judicial District Grand Jury on five counts alleging the same general conduct as alleged against Mr. Sharkey.

4. In view of the Indictment, Mr. Sharkey would assert his right in this proceeding not to testify against himself granted under the Fifth Amendment to the United States Constitution.

5. Therefore, Defendant Jason Sharkey, in his own right, and in support of the Motion for Stay previously filed by the Klytie's Defendants, respectfully moves the Court to stay this proceeding until the conclusion of all legal proceedings applicable to the Indictment as they may relate to him or Hidai Friedman, as Mr. Sharkey is also a Cross-Claim Plaintiff who has asserted claims against Hidai Friedman, *inter alia.*

Dated: October 24, 2007.

2

Respectfully submitted,

BERLINER McDONALD P.C.

By: _____

Martin M. Berliner
5670 Greenwood Plaza Boulevard
Suite 418
Greenwood Village, Colorado 80111
(303) 830-1700
(303) 830-1705 (Fax)
E-mail: mberliner@berlinermcdonald.com
Attorneys for Defendant Jason J. Sharkey

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October,  2007, I filed this Motion for Stay by electronic means with the United States District Court for the District of Colorado forwarded a true and correct copy of the foregoing Motion for Stay, et al., with instructions to serve the following:

James A. Jablonski, Esquire
Matthew J. Casebolt, Esquire
RUMLER TARBOX LYDEM LAW CORPORATION PC
1777 South Harrison Street
Suite 1250
Denver, Colorado 80210


Kevin D. Evans, Esquire
Meredith A. Munro, Esquire
6400 South Fiddlers Green Circle
Suite 1820
Greenwood Village, Colorado 80111

mmb/sharkey/federalcase/motionforstay.102407

3

| | |
|---|---|
| District Court<br>Jefferson County, State of Colorado<br>Court Address:<br>100 Jefferson County Parkway<br>Golden, CO<br><br>**THE PEOPLE OF THE STATE OF COLORADO VS.**<br>**DEFENDANT(S):**<br><br>**JASON SHARKEY**   (DOB: 2/2/1977) 07CR 2945<br>**HIDAI FRIEDMAN**   (DOB: 4/28/1975) 07CR 2994 | ▲  **COURT USE ONLY**  ▲ |
| Scott W. Storey, District Attorney<br>500 Jefferson County Parkway<br>Golden, CO 80401-6002<br>Phone Number:  (303) 271-6901<br>FAX Number:    (303) 271-6888<br>Atty. Reg. #13482 | Case Number 07CR01<br><br>Div.:  Ctrm:  7 |

**FIRST JUDICIAL DISTRICT GRAND JURY INDICTMENT**

COUNT: ONE                       THEFT (F3) 18-4-401, C.R.S. **(0801E)**

COUNT: TWO                       FRAUD AND OTHER PROHIBITED
                                 CONDUCT, COLORADO SECURITIES
                                 ACT (F3) 11-51-501(1)(c) and 11-51-603(1)
                                 C.R.S. **(50053)**

COUNT: THREE, FOUR, FIVE AND SIX     FRAUD AND OTHER PROHIBITED
                                 CONDUCT, COLORADO SECURITIES
                                 ACT (F3) 11-51-501(1)(b) and 11-51-603(1)
                                 C.R.S. **(50052)**

EXHIBIT
A

1

DIST.ATTY.

| AS TO JASON SHARKEY | COUNTS: | 1-6 |
|---|---|---|
| AS TO HIDAI FRIEDMAN | COUNTS: | 1-5 |

| | |
|---|---|
| District Court<br>Jefferson County, State of Colorado<br>Court Address:<br>100 Jefferson County Parkway<br>Golden, CO<br>**THE PEOPLE OF THE STATE OF COLORADO VS.**<br>DEFENDANT(S):<br><br>**JASON SHARKEY   (DOB: 2/2/1977 )**<br>**HIDAI FRIEDMAN   (DOB: 4/28/1975)** | ▲  **COURT USE ONLY**  ▲ |
| Scott W. Storey, District Attorney<br>500 Jefferson County Parkway<br>Golden, CO  80401-6002<br>Phone Number:  (303) 271-6901<br>FAX Number:   (303) 271-6888<br>Atty. Reg. #13482 | Case Number 07CR01<br><br>Div.:  Ctrm: |

**FIRST JUDICIAL DISTRICT GRAND JURY INDICTMENT**

Of the term of the District Court in the year 2007 - 2008, the First Judicial District Grand Jurors, chosen, selected, and sworn in and for the First Judicial District in the name and by the authority of the People of the State of Colorado, upon their oaths, present the following described acts, all done contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado, as stated in the counts attached hereto:

3

## COUNT ONE
### THEFT
### ($15,000 OR MORE)

Between and including March 1, 2005 and October 31, 2006, in and triable in the County of Jefferson, State of Colorado, JASON SHARKEY AND HIDAI FRIEDMAN, did unlawfully, feloniously and knowingly obtain and exercise control over things of value, to-wit: cash (U.S. currency) with a value of fifteen thousand dollars or more from Aaron Henry, Roxana Swisher, Priscilla Gabriels, Brett Caldwell, Diann Chapman, Glenn and Dawn Poreda, Thomas Severino, Sr., Thomas Severino, Jr., Barbara McReynolds, Robert Vine, Jeffrey Owens, Christopher Canino, Marilyn Bridges, Rudolf Krupka, Samuel Strand, William Shreck, Johnny Allen, Nick Analla, Ralph Wieleba, Shawn Weidert, Joseph and Kirsten Honahan and James Stennette without authorization and by deception and intended to deprive Aaron Henry, Roxana Swisher, Priscilla Gabriels, Brett Caldwell, Diann Chapman, Glenn and Dawn Poreda, Thomas Severino, Sr., Thomas Severino, Jr., Barbara McReynolds, Robert Vine, Jeffrey Owens, Christopher Canino, Marilyn Bridges, Rudolf Krupka, Samuel Strand, William Shreck, Johnny Allen, Nick Analla, Ralph Wieleba, Shawn Weidert, Joseph and Kirsten Honahan and James Stennette permanently of the use and benefit of the things of value and knowingly used and concealed the things of value in such a manner as to deprive Aaron Henry, Roxana Swisher, Priscilla Gabriels, Brett Caldwell, Diann Chapman, Glenn and Dawn Poreda, Thomas Severino, Sr., Thomas Severino, Jr., Barbara McReynolds, Robert Vine, Jeffrey Owens, Christopher Canino, Marilyn Bridges, Rudolf Krupka, Samuel Strand, William Shreck, Johnny Allen, Nick Analla, Ralph Wieleba, Shawn Weidert, Joseph and Kirsten Honahan and James Stennette permanently of the use and benefit of the things of value; contrary to the form of the statute in such case made and provided, §18-4-401, C.R.S., THEFT, and against the peace and dignity of the People of the State of Colorado.

## COUNT TWO
### FRAUD AND OTHER PROHIBITED CONDUCT, COLORADO SECURITIES ACT

Between and including March 1, 2005 and October 31, 2006, in the County of Jefferson, State of Colorado, JASON SHARKEY AND HIDAI FRIEDMAN, in connection with the offer, sale or purchase of any security, directly or indirectly, unlawfully, feloniously, and willfully engaged in any act, practice or course of business which operated or would operate as a fraud or deceit upon any person, in violation of Sections 11-51-501(1)(c) and 11-51-603(1) C.R.S. as amended, Fraud and Other Prohibited Conduct, Colorado Securities Act, contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

## COUNT THREE
### FRAUD AND OTHER PROHIBITED CONDUCT, COLORADO SECURITIES ACT

Between and including March 1, 2005 and October 31, 2006, in the County of Jefferson, State of Colorado, JASON SHARKEY AND HIDAI FRIEDMAN, in connection with the offer, sale or purchase of any security, directly or indirectly, unlawfully, feloniously, and willfully made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to wit: Investors were told their investment was guaranteed to return a minimum of 10% annually but investors were not told that Klyties had no revenue sources and that any return on their investment would only be funded with other investor money; investors were told that the minimum 10% annual return on their investment was guaranteed because the property and investments of the Fund were held in a trust which amounted to a significant amount of money but investors were not told that the Fund did not have such a trust account; in violation of Sections 11-51-501(1)(b) and 11-51-603(1) C.R.S. as amended, Fraud and Other Prohibited Conduct, Colorado Securities Act, contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

## COUNT FOUR
### FRAUD AND OTHER PROHIBITED CONDUCT, COLORADO SECURITIES ACT

Between and including March 1, 2005 and October 31, 2006, in the County of Jefferson, State of Colorado, JASON SHARKEY AND HIDAI FRIEDMAN, in connection with the offer, sale or purchase of any security, directly or indirectly, unlawfully, feloniously, and willfully made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to wit: Investors were told Klyties had been in business since 2001 and investors were provided historical budget information from 2002 and annual returns to investors from 2002 (investors were informed the average annual return since 2002 was 28.1%) but investors were not told Klyties Developments, Inc. was incorporated in 2005 and Klyties, LLC was organized in 2005, in violation of Sections 11-51-501(1)(b) and 11-51-603(1) C.R.S. as amended, Fraud and Other Prohibited Conduct, Colorado Securities Act, contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

## COUNT FIVE
### FRAUD AND OTHER PROHIBITED CONDUCT, COLORADO SECURITIES ACT

Between and including March 1, 2005 and October 31, 2006, in the County of Jefferson, State of Colorado, JASON SHARKEY AND HIDAI FRIEDMAN, in connection with the offer, sale or purchase of any security, directly or indirectly, unlawfully, feloniously, and willfully made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to wit:

the investors were told their investment money would be used to fund real estate developments (i.e., investor money would go exclusively to the purchase and development of real estate) and the operating expenses of the company and other fees, including commissions, would be paid from other sources and not investors' funds, but investors were not told their investment money would be used for the operating expenses of Klyties including commissions, the personal living expenses of Jason Sharkey and Hidai Friedman and to repay previous investors; investors were not informed there was no other significant source of money for Klyties or the Fund except investor money, in violation of Sections 11-51-501(1)(b) and 11-51-603(1) C.R.S. as amended, Fraud and Other Prohibited Conduct, Colorado Securities Act, contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

## COUNT SIX
### FRAUD AND OTHER PROHIBITED CONDUCT, COLORADO SECURITIES ACT

Between and including March 1, 2005 and October 31, 2006, in the County of Jefferson, State of Colorado, JASON SHARKEY, in connection with the offer, sale or purchase of any security, directly or indirectly, unlawfully, feloniously, and willfully made any untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, to wit: the offering documents that Jason Sharkey provided to investors and his investor representatives and the information contained in the presentations were provided to Jason Sharkey by Hidai Friedman; Jason Sharkey relied on the information set forth in these documents and did not independently confirm any of the information contained in the offering documents because he trusted Hidai Friedman; Jason Sharkey did not disclose to any investor that the information he was providing to the investors about the Fund came from Hidai Friedman and that Jason Sharkey did not independently verify the information because he trusted Hidai Friedman, in violation of Sections 11-51-501(1)(b) and 11-51-603(1) C.R.S. as amended, Fraud and Other Prohibited Conduct, Colorado Securities Act, contrary to the form of statutes in such case made and provided, and against the peace and dignity of the People of the State of Colorado.

The facts supporting Counts One through Six are as follows:

1. Klyties Developments, Inc. was created and incorporated in Canada in March 2005 by Hidai Friedman ("Friedman"). In June 2005, Friedman hired Jason Sharkey ("Sharkey") as Regional Vice President and Director of Business Development of Klyties, LLC in Colorado. Jason Sharkey filed Articles of Organization for Klyties, LLC in Colorado in July 2005. Klyties, LLC was subsidiary of Klyties Developments, Inc. In the fall of 2005, Sharkey was promoted to President of Klyties, LLC and held himself out as the president to investors. (For purposes of this indictment, Klyties Developments and Klyties, LLC will hereafter collectively be referred to as "Klyties".)

2. Klyties purported to be a private investment funds management company which managed several investment funds including a fund referred to as the Global Real Estate Fund (the "Fund"). The Fund was described as a pool of investments to fund real estate developments and holdings in different parts of the world. Through 2005 and 2006, Klyties raised over $7 million from investors in Canada, Israel and the United States.

3. Jason Sharkey, as president of Klyties, LLC, initially solicited investors for the Fund through presentations where the Fund was discussed in detail and literature was handed out to potential investors. Friedman provided Sharkey with all of the information that Sharkey passed on to investors in these presentations. As investors began investing money through Sharkey, Sharkey hired investment representatives to help him solicit even more investors. Through 2005 and 2006, Sharkey hired four individuals to act as investor representatives for him (Friedman met and approved at least three of these investor representatives). Sharkey trained these individuals to solicit investor funds through presentations and the company literature that he provided to them. Many times investors learned about the investment opportunity in the Fund by word of mouth from friends and family but invested through either Sharkey or one of his investment representatives.

4. Sharkey and/or his investment representatives provided various documents to investors prior to their investment. These documents include but are not limited to, a prospectus, an investor's information guide, profit and loss statements, audit report and a company disclosure information booklet (offering documents). Not every investor received a copy of every offering document and some investors may not have received any documents. However, each investor was provided verbal information about their investment in the Fund by either Sharkey or one of his investment representatives. The offering documents set forth a description of the Fund, the other funds managed by Klyties, the historical data of the company, information on some of the properties purportedly owned by Klytics and other information. Through 2005 and 2006, the offering documents were modified several times. The modifications reflected various changing disclosures made to investors to include, without limitation, the details of: the Klyties trust, the properties owned by Klyties, historical financial information of Klyties, etc.

5. The offering documents that Sharkey provided to investors and his investor representatives and the information contained in the presentations were provided to Sharkey by Friedman. Sharkey relied on the information set forth in these documents and did not independently confirm any of the information contained in the offering documents because he trusted Friedman. Sharkey did not disclose to any investor that the information he was providing to the investors about the Fund came from Friedman and that Sharkey did not independently verify the information because he trusted Friedman. (Investors were entitled to rely on the fact that Sharkey, as president of Klyties, LLC, had actual knowledge of the business and Sharkey was required to tell investors that he was relying entirely on the word of Friedman without independent verification or actual knowledge of the facts.)

7

10/23/2007  10:21   3032716888                     DIST.ATTY.                          PAGE  09

6. Potential investors were provided with investment information by Sharkey or one of his investment representatives that included the following, without limitation: Klyties had been in existence since 2001, the Fund engaged in real estate investment opportunities, that there was a guaranteed minimum return of 10% annually, the Fund could guarantee this return because the Fund had a trust worth a significant amount of money, annual returns for the Fund had exceeded the 10% guarantee and there was little to no risk associated with this investment except the investment could not be liquidated for a 12 month period. Some, although not all, of the investors were given addition information regarding the trust account to include a letter indicating TD Canada Trust was acting as trustee for Klyties and the name of a TD Canada Trust representative along with an e-mail address for this representative. In addition, some, although not all, of the investors were given a list of some of the properties purportedly owned by Klyties. This list included the address of the properties, the value of the properties and the net cash flow of the properties (this information was eventually removed from the offering documents).

7. Klyties owned numerous bank accounts in Canada and Colorado. Sharkey was responsible for the movement of monies in and out of the Colorado accounts. A review of the Colorado accounts shows: numerous transfers occurred among the Colorado accounts and the Canadian accounts, some monies went toward the purchase of real estate ventures (the investigation revealed that those ventures did not result in the purchase of real estate), miscellaneous business expenses, including commissions, the personal living expenses of Sharkey and the repayment of some investors. Klyties bank accounts also revealed that there was no other significant source of funds except investor funds.

8. In September 2005, Aaron Henry, who was also hired by Jason Sharkey as an investment representative, invested money in the Fund. In approximately, November 2005, Aaron Henry confronted Sharkey with information that contact information (the e-mail address) for the representative of the trust account was in fact traced back to GoDaddy.com, not to TD Canada trust as had been represented. The investigation eventually revealed that e-mail address was owned by Efrat Friedman, Hidai Friedman's wife. Sharkey again informed Henry the trust was legitimate. Sharkey did not attempt to verify the information regarding the trust account. Based upon this, Aaron Henry then attempted to verify some of the properties listed in the offering documents were in fact owned by Klyties. When Henry could not verify the existence of some of the properties, he again confronted Sharkey in November 2005. Sharkey again informed Henry the properties existed. Sharkey did not attempt to verify if the properties existed and if they did exist, if Klyties had any interest in the properties. Sharkey, as president of Klyties, LLC, failed to investigate any of these discrepancies and instead, chose to rely entirely upon the word of Hidai Friedman. Sharkey also failed to inform investors of these discrepancies and the fact he did not investigate them.

9. In January 2006, John Mesch informed Sharkey that he (Mesch) was interested in
   investing in the Fund. Sharkey provided Mesch with some of the offering documents as
   well as information on the trust account. In late January to early February of 2006,
   Friedman and Sharkey were both informed by Mesch that he could not verify the
   existence of the trust. Sharkey did not attempt to verify whether the trust existed or if any
   of the information given to investors was correct. Sharkey, as president of Klyties, LLC,
   failed to investigate any of these discrepancies and instead, chose to rely entirely upon
   the word of Hidai Friedman. Sharkey also failed to inform investors of these
   discrepancies and the fact he did not investigate them.

10. From September 2005 though August 2006, Jason Sharkey and his investor
    representatives solicited and received money from the following people for investment in
    the Fund: Aaron Henry, Roxana Swisher, Priscilla Gabriels, Brett Caldwell, Diann
    Chapman, Glenn and Dawn Poreda, Thomas Severino, Sr., Thomas Severino, Jr., Barbara
    McReynolds, Robert Vine, Jeffrey Owens, Christopher Canino, Marilyn Bridges, Rudolf
    Krupka, Samuel Strand, William Shreck, Johnny Allen, Nick Analla, Ralph Wieleba,
    Shawn Weidert, Joseph and Kirsten Honahan and James Stennette. All of these
    investments were solicited and received in Colorado, primarily in the Denver metro area
    including Jefferson County, Colorado. The investments by these individuals are outlined
    in Exhibit A which is attached to and incorporated into this indictment. These
    investments total over $600,000.

11. Based on information provided by Hidai Friedman, Jason Sharkey and his investment
    representatives, either through offering documents or in verbal presentations, told the
    investors listed on Exhibit A were told the following untrue statements of material fact or
    failed to tell the investors listed on Exhibit A the following material facts:

    a. Investors were told their investment was guaranteed to return a minimum of 10%
       annually. Investors were not told that Klyties had no other significant revenue
       sources and that any return on their investment would only be funded with other
       investor money.

    b. Investors were told that the minimum 10% annual return on their investment was
       guaranteed because the property and investments of the Fund were held in a trust
       which amounted to a significant amount of money. Investors were not told that
       the Fund did not have such a trust account.

    c. Investors were told Klyties had been in business since 2001 and investors were
       provided historical budget information from 2002 and annual returns to investors
       from 2002 (investors were informed the average annual return since 2002 was
       28.1%). Investors were not told Klyties Developments, Inc. was incorporated in
       2005 and Klyties, LLC was organized in 2005.

    d.  The investors were told their investment money would be used to fund real estate developments (i.e., investor money would go exclusively to the purchase and development of real estate) and the operating expenses of the company and other fees, including commissions, would be paid from other sources and not investors' funds. Investors were not told their investment money would be used for the operating expenses of Klyties including commissions, the personal living expenses of Sharkey and Friedman and to repay previous investors. Investors were not informed there was no other significant source of money for Klyties or the Fund except investor money.

12. None of the investors listed on Exhibit A have received their money back and the total loss to investors is greater than $15,000.

The 2007 - 2008 First Judicial District Grand Jury presents the within Indictment, and the same is hereby ORDERED FILED this ___19___ day of ____October____, 2007.

## WARRANT TO ISSUE

BOND SET AT ___$10,000 CPS___ FOR JASON SHARKEY

BOND SET AT ___$500,000 CPS___ FOR HIDAI FRIEDMAN

_____
JUDGE

| Klytie's Investors | | | |
|---|---|---|---|
| **Name** | **County** | **Investment** | **Date** |
| 1 Henry, Aaron | Jefferson | 9,000.00 | 9/8/2005 |
| 2 Swisher, Roxana | Jefferson | 10,000.00 | 10/14/2005 |
| 3 Gabriels, Priscilla | Denver | 10,000.00 | 11/10/2005 |
| 4 Caldwell, Brett | Arapahoe | 85,000.00 | 11/26/2005 |
| 5 Chapman, Diann | Jefferson | 10,000.00 | 12/2/2005 |
| 6 Poreda, Glenn & Dawn | Adams | 40,000.00 | 12/18/2005 |
| 7 Severino, Thomas Sr. | Arapahoe | 56,640.00 | 12/23/2005 |
| 8 Severino, Thomas Jr. | Broomfield | 28,590.78 | 12/23/2005 |
| 9 McReynolds, Barbara | Jefferson | 10,028.09 | 1/3/2006 |
| 10 Vine, Robert | Jefferson | 15,004.43 | 1/6/2006 |
| 11 Owens, Jeffrey | Douglas | 10,000.00 | 1/13/2006 |
| 12 Canino, Christopher | Douglas | 42,500.00 | 1/30/2006 |
| Owens, Jeffrey (second investment) | | 60,901.37 | 1/31/2006 |
| 13 Bridges, Marilyn | | 46,500.00 | 3/8/2006 |
| 14 Krupka, Rudolf | Jefferson | 10,000.00 | 3/9/2006 |
| Bridges, Marilyn (second investment) | Douglas | 3,500.00 | 3/14/2006 |
| 15 Strand, Samuel (4 S Contracting) | Elbert | 10,000.00 | 3/17/2006 |
| 16 Shreck, William | Jefferson | 10,000.00 | 3/29/2006 |
| Poreda, Glenn & Dawn (second investment) | | 40,000.00 | 5/12/2006 |
| 17 Allen, Johnny/Analla, Nick | El Paso | 10,000.00 | 5/26/2006 |
| Vine, Robert (second investment) | | 9,977.47 | 5/26/2006 |
| 18 Wieleba, Ralph | Arapahoe | 10,000.00 | 6/29/2006 |
| 19 Weidert, Shawn | Denver | 80,000.00 | 7/24/2006 |
| 20 Honahan, Joseph & Kirsten | Douglas | 25,000.00 | 8/23/2006 |
| 21 Stennette, James | Boulder | 50,000.00 | 8/23/2006 |
| | | 692,642 | |

EXHIBIT

A

| District Court<br>Jefferson County, State of Colorado<br>Court Address:<br>100 Jefferson County Parkway<br>Golden, CO | |
|---|---|
| **THE PEOPLE OF THE STATE OF COLORADO VS.**<br>DEFENDANT(S):<br><br>**JASON SHARKEY   (DOB: 2/3/1977)**<br>**HIDAI FRIEDMAN   (DOB: 4/28/1975)** | ▲  **COURT USE ONLY**  ▲ |
| Scott W. Storey, District Attorney<br>500 Jefferson County Parkway<br>Golden, CO  80401-6002<br>Phone Number:  (303) 271-6901<br>FAX Number:    (303) 271-6888<br>Atty. Reg. #13482 | Case Number 07CR01<br><br>Div.:  Ctrm: |
| **FIRST JUDICIAL DISTRICT GRAND JURY INDICTMENT<br>WITNESS LIST** | |

Rhea Babcock
Colorado Division of Securities
1560 Broadway, #900
Denver, CO  80202

Anna Jane Froman
Colorado Division of Securities
1560 Broadway, #900
Denver, CO  80202

Gerald Rome
Colorado Division of Securities
1560 Broadway, #900
Denver, CO  80202

Greg Neal
Jefferson County District Attorney's Office
500 Jefferson County Parkway
Golden, CO  80401

John Badger Smith
Securities & Exchange Commission
1801 California, #1500
Denver, CO  80203

US Bank
Custodian of Records
1625 Broadway
Denver, CO  80202

Guaranty Bank & Trust
Custodian of Records
1331 17th St.
Denver, CO 80217

Thomas Ritchie
Alberta Securities Commission
300 5th Ave., S.W. 4th Floor
Calgary, AB T2P3C4

Aaron Henry
7249 W. Kentucky Dr., #F
Lakewood, CO 80226

Roxana Swisher
10750 W. 78th Ave.
Arvada, CO 80005

Priscilla Gabriels
1090 Leyden St.
Denver, CO 80220

Brett Caldwell
5335 S. Valentia Way, #149
Greenwood Village, CO 80111

Diann Chapman
1107 S. Everett St.
Lakewood, CO 80232

Glenn Poreda
19065 E. 120th Pl.
Commerce City, CO 80022

Dawn Poreda
19065 E. 120th Pl.
Commerce City, CO 80022

Thomas Severino, Sr.
23649 E. Otero Dr.
Aurora, CO 80016

Thomas Severino, Jr.
13390 Misty St.
Broomfield, CO 80020

Barbara McReynolds
3885 Urban St.
Wheat Rige, CO 80033

Robert Vine
11123 W. Fremont Pl
Littleton, CO 80127

Jeffrey A. Owens
3567 Bear Canyon Circle
Sedalia, CO 80135

Christopher Canino
9057 E. Oxford Dr.
Lone Tree, CO 80124

Marilyn Bridges
10526 Bayou Gulch Rd.
Franktown, CO 80116

Rudolf Krupka
14963 W. 55th Dr.
Golden, CO 80403

Samuel Strand
11236 Rodeo Circle
Parker, CO 80138

William Shreck
7959 Nile Court
Arvada, CO 80007

Rebecca Shreck
7959 Nile Court
Arvada, CO 80007

Johnny Allen
PO Box 1146
Roswell, NM 88202

Nicholas Analla
6050 Breeze Court
Colorado Springs, CO 80918

Ralph Wieleba
5610 E. Ida Circle
Englewood, CO 80111

Shawn Weidert
2955 Inca, #3E
Denver, CO 80202

Joseph Honahan
23324 Allendale Ave.
Parker, CO 80138

Kirsten Honahan
23324 Allendale Ave.
Parker, CO 80138

James Stennette
2034 JCK Place
Longmont, CO  80504

Ryan Ramey
2425 S. St. Paul St.
Denver, CO  80210

Ronald Silva
8506 Green Island Circle
Lone Tree, CO  80124

Salvatore Larosa
18171 E. Ida Pl.
Centennial, CO  80015

Michael Gabriels
11134 S. Freemont Pl.
Littleton, CO  80127

Adam Smith
730 Colorado Blvd.
Denver, CO  80206

TD Waterhouse Investor Services, Inc.
Wendy Bryce, Custodian of Records
100 Wall St.
New York, NY  10005

John Mesch
469 Crawford St.
Golden, CO  80401