# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01318-WDM-BNB

THOMAS SEVERINO, SR., THOMAS SEVERINO, JR., DAWN POREDA, GLEN POREDA, JOSEPH HONAHAN, KRISTIN HONAHAN AND JEFFREY OWENS

Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC., EFRAT FRIEDMAN, HIDAI FRIEDMAN, KLYTIE'S DEVELOPMENTS, LLC AND JASON J. SHARKEY,

Defendants.

## CANADIAN RECEIVER'S BRIEF IN SUPPORT OF MOTION FOR STAY

Ernst & Young Inc., as Receiver for Klytie's Developments, Inc., Klytie's Developments, LLC, Hidai Friedman and Efrat Friedman, files this Brief in Support of Motion for Stay pursuant to this Court's October 18, 2007, Minute Order.

## SUMMARY

A stay of this case should be entered for two independent reasons. As shown by the October 24, 2007, Motion for Stay by Defendant, Jason Sharkey, and Submission in Support of Motion for Stay filed by Klytie's Defendants ("Sharkey Stay Motion"), and also the October 26, 2007 Supplemental Brief in Support of Motion to Stay Litigation filed by Defendants Klytie's Developments Inc., Klytie's Developments, LLC, Efrat Friedman and Hidai Friedman, Defendants Jason Sharkey and Hidai Friedman have been indicted in the Jefferson County District Court and all defendants have now requested a stay, because Defendants Jason Sharkey

and Hidai Friedman have advised this Court that they anticipate that they will assert their right not to testify.

In addition, a wholly independent reason for a stay is that the Canadian Receiver, Ernst & Young Inc., contemplates promptly filing a Chapter 15 proceeding, and a short stay would be appropriate while that occurs, as set forth more fully below.  As shown below, creditors will be fairly treated in the Canadian Receivership, and in a Chapter 15 proceeding.

## DEFENDANTS' STAY MOTIONS

Defendant Jason Sharkey and Defendants Klytie's Developments Inc., Klytie's Developments, LLC, Efrat Friedman and Hidai Friedman have sought a stay, explaining that Mr. Sharkey and Hidai Friedman will assert their right not to testify.

## A SHORT STAY IS APPROPRIATE

Ernst & Young Inc. is planning now to seek recognition of the Canadian receivership under Chapter 15 of the United States Bankruptcy Code.  The Receiver contemplates that a Chapter 15 filing will occur promptly.

At the hearing on October 18, 2007, the Court raised questions about whether Chapter 15 was the appropriate avenue for the Receiver.  The Court was correct.  There is authority that a permanent stay can only be granted through a Chapter 15 bankruptcy case.  *United States v. J.A. Jones Construction Group, LLC*, 333 B.R. 637, 639 (E.D.N.Y. 2005) ("In the absence of recognition under Chapter 15, this Court has no authority to consider [a Canadian Receiver's] request for a stay.")  Ernst & Young Inc. as Receiver plans to proceed expeditiously with a Chapter 15 filing.

In *J.A. Jones*, the Court granted a 60-day stay to give the Canadian Receiver an opportunity to seek Chapter 15 relief. Although the Receiver contemplates moving significantly faster than that, the same relief would be appropriate in this case.

**A CANADIAN RECEIVERSHIP WOULD TREAT ALL CREDITORS FAIRLY**

In the hearing on October 18, 2007, concerns were expressed about the operations and procedures for a Canadian receivership; counsel for the Plaintiffs noted his unfamiliarity with what protections might be available to his clients in such a proceeding. These concerns will necessarily be addressed in a Chapter 15 filing. *See* 11 U.S.C. §1506(actions contrary to public policy are prohibited); §1507(b)(2) protection of U.S. claim holders); §1521(b)(interests of U.S. creditors must be sufficiently protected.) Since the Receiver is requesting a temporary stay, pending filing a chapter 15, however, the Receiver is providing the Court and the parties in this Brief some assurance that Canadian receiverships are premised on judicial requirements of fair treatment.

    **A.**    **The Principal Doctrines Governing Receivership Are Set Forth in Judicial Decisions.**

A receivership is an institution with a long history in Canada and in judicial systems derived from Great Britain. Most of the guidance for the conduct of a receivership in Canada is set forth in cases decided by the Supreme Court of Canada and the appellate courts of the various provinces. Since much receivership law is quite old, Canadian Courts and attorneys also frequently look to treatises. In addition, the Canadian Business Corporations Act, S.A. 1981, c. b-15, § 95 provides some general guidance.

With respect to the issues of the Receiver's independence, the decision of the Judicial Committee of the Privy Council, *Parsons v. Sovereign Bank of Canada* (1912) 9 D.L.R. 476

3

provides general guidance. (This is a decision of a British Court, but before 1949 the last level of appeals in Canada was to the British Privy Council; this is in fact a binding decision on Canadian law, even though it was decided by a British Court.)

In *Parsons v. Sovereign Bank of Canada*, *supra*, Viscount Haldane, Lord Chancellor, wrote, in a quotation frequently invoked in subsequent opinions, that:

> A receiver and manager appointed, as were those in the present case, is the agent neither of the debenture-holders, whose credit he cannot pledge, nor of the company, which cannot control him. He is an officer of the court put in to discharge certain duties prescribed by the order appointing him; duties which in the present case extended to the continuation and management of the business.

(p. 479, Exhibit A to this Brief.)

### B.   The Receiver Acts for the Benefit of All Creditors.

The courts of Alberta have repeatedly made clear the requirement that the receiver must act for the benefit of <u>all</u> creditors. This is fundamental to the Receiver's mandate. These decisions are reviewed here because this Receivership was appointed by the Court of Queen's Bench in Alberta.

An excellent general review of the duties of a receiver is set forth in *Panamerica de Beines y Servicios S.A. v. Northern Badger Oil & Gas Ltd., et. al.* (1991), 81 D.L.R. (4th) 280, 291-294 (Alta. C.A.) (attached as Exhibit B)  That summary starts with the observation that "the receiver is not the agent of the debtor or the creditor or of any other party . . ." and then goes on to quote from Viscount Haldane in *Parsons v. Sovereign Bank of Canada*, *supra*, "emphasiz[ing] the independence of the receiver from those who procured appointment." The decision in *Panamerica de Beines y Servicios S.A.* also explains "the receiver's status as an

officer of the court" and notes that "the receiver's actions in the discharge of those obligations are the actions of the court which appointed him." *Id.* at 293.

Another decision from the Alberta Court of Queen's Bench, Judicial District of Calgary, quotes at length from a leading treatise on receiverships, emphasizing that the receiver's "duty is owed to the court and all persons having an interest in the debtor's assets . . . ." *RoyNat Inc. v. Allan* (1989), 99 A.R. 370, 375 (Q.B.) (Exhibit C). The treatise explains in the portion quoted by the Court that "a court-appointed receiver and manager represents neither the security holder nor the debtor." *Id.* at 375. Any interested person who believes the receiver is failing to perform his duties may apply to the court for relief. Again quoting the same treatise, Bennett On Receiverships (1895) (Carswell), the court reiterated the necessity for equal treatment of interested parties, saying that the receiver's duty is to act "in the best interests of all interested parties connected with the debtor's assets." The parties to whom the receiver owes a duty are the "interested parties, encompassed the Plaintiff and other secured creditors like the Plaintiff, other creditors, and the limited partners." *Id.* at 375.

## CONCLUSION

The Court should enter a stay for up to 60 days, and enter such other and further relief as may be appropriate.

Dated:  October 26, 2007.

Respectfully submitted,

SHERMAN & HOWARD L.L.C.


*s/* Mark L. Fulford
Mark L. Fulford, Esq., #5751
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Fax: (303) 298-0940

ATTORNEYS FOR ERNST & YOUNG LLC,
AS RECEIVER FOR DEFENDANTS
KLYTIE'S DEVELOPMENTS, INC.,
KLYTIE'S DEVELOPMENTS, LLC, HIDAI
FREEDMAN AND EFRAT FREEDMAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **CANADIAN RECEIVER'S BRIEF IN SUPPORT OF MOTION FOR STAY** was deposited in the United States Mail, postage prepaid, and also sent via electronic mail by filing through Electronic Case Filing, this 26th day of October, 2007, addressed to:

> James A. Jablonski, Esq.
> Rumler Tarbox Lyden Law Corporation PC
> 1777 S. Harrison Street, Suite 1250
> Denver, Colorado  80210
> Telephone:  303-333-7733
> Facsimile:  303-355-6036
> Email:  jjablonski@rumlerlaw.com
>
> Matthew J. Casebolt, Esq.
> Rumler Tarbox Lyden Law Corporation PC
> 1777 S. Harrison Street, Suite 1250
> Denver, Colorado  80210
> Telephone:  303-333-7733
> Facsimile:  303-355-6036
> Email:  mcasebolt@rumlerlaw.com
>
> Meredith A. Munro
> Steese & Evans, PC
> 6400 South Fiddlers Green Circle
> Suite 1820
> Denver, Colorado  80111
> Telephone:  720-200-0676
> Facsimile:  720-200-0679
> Email:  mmunro@s-elaw.com

> > *s/Linda D. Ridding-Meyer*
> > Linda D. Ridding-Meyer