IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01318-WDM-BNB

THOMAS SEVERINO, SR., et al.,

Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC., et al.,

Defendants.

---

### PLAINTIFFS' RESPONSE TO DEFENDANT SHARKEY'S MOTION FOR STAY

Plaintiffs, Thomas Severino, Sr., Thomas Severino, Jr., Dawn Poreda, Glenn Poreda, Joseph Honahan, Kristin Honahan, and Jeffrey Owens hereby respond to Defendant Sharky's Motion to Stay Litigation and state as follows:

Defendant Sharkey has demonstrated that he has now been criminally indicted by a Jefferson County Grand Jury and on that basis asks for a stay. He cites no authority for the proposition that an indicted defendant is entitled to an unlimited stay of a related civil action, and in fact, such is not the law as developed in federal decisions. On the contrary, it has been clearly stated that to deprive or even delay a damage award to a victim of a fraud is contrary to public policy.

A New York Federal District Court said:

> "…if Streicher's theory prevailed, it would unacceptably foreclose all discovery against a party in a civil action when that party's conduct could also give rise to criminal liability. We agree with the court in DeVita v. Sills, 422 F.2d 1172 (3d Cir. 1970), which was presented with a similar claim, that such an argument proves too much:

> ". . . If, for example, the charge against an attorney was embezzlement of a client's funds, acceptance of plaintiff's position would require that the wronged client await the completion of a criminal trial before he sought a civil recovery, because of the possible compulsion of the risk of a judgment. The same would be true of every defendant in a wrongful death action; of many taxpayers; of most antitrust defendants." 422 F.2d 1172, 1178.
>
> "… we conclude that as long as the only immediate sanction for refusal to testify is, as here, the possible raising of an adverse inference which would not, standing alone, support a finding of liability, then the specter of loss of employment, which even a finding of liability would not automatically cause, does not put Streicher to an unconstitutionally coercive choice. See United States v. Sloan, 388 F. Supp. 1062 (S.D.N.Y.1975); Gellis v. Casey, 338 F.Supp. 651 (S.D.N.Y.1972).
>
> <u>Securities and Exchange Commission v. Gilbert</u>,  79 F.R.D. 683, *686 (D.C.N.Y.,1978)

It has been stated that there is no constitutional right to avoid the dilemma posed by a person faced with both a criminal indictment and a civil case for the same conduct:

> "Plaintiff has no constitutional right to be relieved of the burden of the choice he faces. There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment. United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or to invoke his privilege against self-incrimination. Nevertheless, he must make the choice despite any extra-legal problems and pressures that might follow. United States v. Simon, 373 F.2d 649 (2d Cir.), vacated on other grounds, Simon v. Wharton, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967). Consequently, plaintiff's claim of a denial of due process is without merit.
>
> <u>Gellis v. Casey</u>,  338 F. Supp. 651, *653 (S.D.N.Y., 1972)

Magistrate Judge Borchers addressed the matter as follows, making clear that any stay is discretionary and that the focus should be on the timing of defendant's deposition:

> "Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or invoking his privilege against self-incrimination. Masucci has no constitutional right to be relieved of this difficult choice. There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment. *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). Although no constitutional violation occurs in such situations, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions "when the interests of justice seem to require such action." *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), quoting *United States v. Kordel,* 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27.
>
> And further:
>
> " This case, however, differs from the cases cited by SEC, because Masucci does not seek a stay of all discovery, but only a stay of his own deposition. In addition, he does not seek a stay until the criminal matter is resolved. He merely wishes to have the deposition stayed until the grand jury hands down indictments. At that time, Masucci argues, he will be able to make a more informed decision whether to assert his Fifth Amendment privilege at the civil deposition….
>
>    <u>S.E.C. v. Power Securities Corp.</u>, 142 F.R.D. 321, *322-323 (D.Colo.,1992)

The facts and circumstances of this particular case led the Court to conclude that Masucci's deposition should be postponed, but only until he knew whether he was indicted.  Sharkey has already been indicted.

In the following case from the Federal District Court in Pennsylvania, the plaintiffs were seeking to stay a deposition of an officer of one corporate plaintiff who was under indictment. The decision makes clear that the stay should not extend to all discovery, but focus on defendant's deposition.

> "The circumstances of this case lead to the conclusion that defendants should be permitted to complete their discovery by examination of Summit's books and records and the interrogation of any of Summit's officers, agents or employees, other than Bruzgo. Summit, as a corporation, cannot claim the privilege of the Fifth Amendment for itself (United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944)) or for Bruzgo (Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951)). By the time defendants will have completed their discovery as thus limited, and the interrogatories propounded to the plaintiffs have been answered or otherwise disposed of, it may well be that the significance which defendants now attach to Bruzgo's (the subject of the motion) testimony may have largely disappeared. In any event, we will permit plaintiffs to go forward at that time and conduct their discovery.
>
> Kaeppler v. Jas. H. Matthews & Co..  200 F. Supp. 229, *230 - 31 (D.C.Pa. 1961)

Staying a deposition has been found appropriate by a New York Federal Court:

> "Accordingly, plaintiff's motion for an order directing that his and defendant's examination before trial be held at Room 601 is granted, but the taking of said depositions is stayed pending the determination of the criminal proceedings."
>
> Perry v. McGuire,  36 F.R.D. 272, *274 (S.D.N.Y.1964)

In yet another case, the remedy was to limit use of information gained from the indicted defendant:

> "Since the further answers to these interrogatories will involve very personal information and are calculated to discover possible

4

>illegal conduct of plaintiff which may not be relevant at the trial, plaintiff is entitled to be protected against harm from publicity of such data as possible former bad reputation which had been overcome by good reputation established prior to November 22, 1955,[FN1] by subsequent good conduct. Under F.R.Civ.P. 33 (adopting Rule 30(b)), answers may be sealed or other steps taken to protect a party from 'embarrassment.' It will be directed that the further answers which are ordered to be given by the plaintiff be placed in a sealed envelope and that their contents not be revealed by the defendant except by permission of the court, such as at the trial under such circumstances as the trial judge specifies.
>
>Nichols v. Philadelphia Tribune Co., 22 F.R.D. 89, *92 (E.D.Pa.1958)

In summary, there is no basis to completely stop the case against Sharkey from going forward. Plaintiffs will agree to defer his deposition until later with the understanding that he will be deposed during the last month of the existing discovery period, which closes March 3, 2008. This should provide sufficient time for Sharkey to determine his course of action which is all he is entitled to. Otherwise, the case should go forward according to the Scheduling Order.

Dated this 1st day of November, 2007.

>s/ James A. Jablonski
>James A. Jablonski
>Matthew Casebolt
>Rumler Tarbox Lyden
>Law Corporation PC
>1777 S. Harrison Street, Suite 1250
>Denver, Colorado 80210
>Telephone: 303-333-7733
>Fax: 303-355-6036
>E-Mail: jjablonski@rumlerlaw.com
>Attorneys for Plaintiffs

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of November, 2007, I served on Defendants via Electronic Filing, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT SHARKEY'S MOTION FOR STAY** addressed to the following:

Kevin D. Evans
Meredith A. Monro
Steese & Evans, P.C.
6400 South Fiddlers Green Circle
Suite 1820
Denver, Colorado 80111


Martin M. Berliner
Berliner McDonald P.C.
5670 Greenwood Plaza Boulevard, Suite 418
Greenwood Village, Colorado 80111

                                              s/Andrea Davis
                                                Andrea Davis