IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01318-WDM-BNB

THOMAS SEVERINO, SR.,
THOMAS SEVERINO, JR.,
DAWN POREDA,
GLENN POREDA,
JOSEPH HONAHAN,
KRISTIN HONAHAN, and
JEFFREY OWENS,

Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC.,
EFRAT FRIEDMAN,
HIDAI FRIEDMAN,
KLYTIE'S DEVELOPMENTS, LLC, and
JASON J. SHARKEY

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Motion to Withdraw** [Doc. # 44, filed 11/13/2007] by Kevin D. Evans and Meredith A. Munro of the law firm of Steele & Evans, P.C. I held a hearing on the Motion to Withdraw this morning and made rulings on the record, which are incorporated here. The Motion to Withdraw is GRANTED.

By a minute order [Doc. # 50, filed 11/3/0/2007] I set the Motion to Withdraw for hearing this morning. Among other things, the minute order required defendants Klytie's Developments, Inc.; Klytie's Developments, LLC; Efrat Friedman; and Hidai Friedman (the "Klyties Defendants") to appear at the hearing on the Motion to Withdraw by telephone. My order

notwithstanding, the Klyties Defendants failed to appear or contact the court at the date and time of the hearing, as required. The Klyties Defendants are warned that any future failure to comply with an order of the court may result in the imposition of sanctions, including the entry of a default judgment.

In addition, the entity defendants cannot proceed in this matter *pro se* and must be represented by counsel. Flora Const. Co. V. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962)(noting that "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law"); Wallic v. Owens-Corning Fiberglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999)(holding that "a corporate defendant . . . and a limited liability organization . . . [can] only appear by counsel admitted to the bar of this court").

In summary and for the reasons stated on the record this morning:

IT IS ORDERED that the Motion to Withdraw is GRANTED. Kevin D. Evans, Meredith A. Munro, and the law firm of Steele & Evans, P.C., are relieved of any further responsibility in the case.

IT IS FURTHER ORDERED that Klytie's Developments, Inc., and Klytie's Developments, LLC, shall cause substitute counsel to enter its appearance, if at all, on or before **January 14, 2008**. A failure to cause substitute counsel to enter its appearance as required may result in an order striking pleadings, motions, and other papers filed by or on behalf of those defendants, in the entry of a default judgment, or in the imposition of other appropriate sanctions. D.C.COLO.LCivR 83.3D.

IT IS FURTHER ORDERED that all counsel and *pro se* parties must confer on or before **January 21, 2008**, concerning the existing case schedule and any modifications to that schedule

which may be required or are advisable. Failure of counsel or a *pro se* party to participate in the conference is a violation of this order and may constitute grounds for the entry of sanctions, including a default judgment.

IT IS FURTHER ORDERED that the parties shall submit a status report, motion to amend scheduling order, or other appropriate paper on or before **January 28, 2008**, discussing any modifications to the case schedule which may be required or are advisable.

Dated January 4, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge