IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01318-WDM-KMT

THOMAS SEVERINO, SR.,
THOMAS SEVERINO, JR.,
DAWN POREDA,
GLENN POREDA,
JOSEPH HONAHAN,
KRISTIN HONAHAN, and
JEFFREY OWENS,

    Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC.,
EFRAT FRIEDMAN,
HIDAI FRIEDMAN,
KLYTIE'S DEVELOPMENTS, LLC, and
JASON J. SHARKEY

    Defendants.

---

**ORDER**

---

    This matter is before the court on Defendants Klytie's Developments Inc., Klytie's Developments LLC, Hidai Friedman and Efrat Friedman's ("Klytie Defendants") "Motion to Stay Litigation or, in the Alternative, for Declaratory Relief" [Doc. No. 16, filed September 13, 2007].

    The court has reviewed the contents of its own files including the numerous pleadings related to the issue of the receivership which was pending in the Court of Queens Bench of

Alberta, Judicial District of Calgary, *Landsberg, et al. v. Klytie's Developments Inc., et al.*, Action No. 0701-08328, as well as the Order in the United States Bankruptcy Court for the District of Colorado, Case No. 07-22719 MER [Doc. No. 72-2, filed February 12, 2008].

It is undisputed that the Colorado Bankruptcy court has found

> [t]he Petition [concerning the Klytie Defendants] meets the requirements of 11 U.S.C. § 1515 and the Receivership Proceeding is hereby recognized as a foreign main proceeding within the meaning of 11 U.S.C. § 1502(4), with Ernst & Young as the foreign representative.

*Id.*

Therefore, Sections 361 and 362 of the United States Bankruptcy Code apply with respect to the Klytie Defendants and the property of the Klytie Defendants that is within the territorial jurisdiction of the United States. Title 11 U.S.C. § 1520(a). Section 362(a) of the Bankruptcy Code provides

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or . . . operates as a stay, applicable to all entities, of (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.
>
> ***
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . ..

Title 11 U.S.C. § 362(a). Accordingly, the bankruptcy precludes continuing this litigation with respect to Klytie's Development, Inc., Klytie's Development LLC, Efrat Friedman and Hidai Friedman.

It is therefore ORDERED Defendants Klytie's Developments Inc., Klytie's Developments LLC, Hidai Friedman and Efrat Friedman's "Motion to Stay Litigation or, in the alternative, for Declaratory Relief" [Doc. No. 16] is GRANTED to the extent that all proceedings in this case are stayed unless and until relief from the automatic stay in the Bankruptcy Case No. 07-22719 MER is granted.

The plaintiff is ORDERED to file a Notice in this case within ten days of any relief from stay in the bankruptcy case as to Klytie's Developments Inc., Klytie's Developments LLC, Hidai Friedman and/or Efrat Friedman.

Dated this 28th day of March, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge