IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01318-WDM-KMT


THOMAS SEVERINO, SR.,
THOMAS SEVERINO, JR.,
DAWN POREDA,
GLENN POREDA,
JOSEPH HONAHAN,
KRISTIN HONAHAN, and
JEFFREY OWENS,

      Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC.,
EFRAT FRIEDMAN,
HIDAI FRIEDMAN,
KLYTIE'S DEVELOPMENTS, LLC, and
JASON J. SHARKEY,

      Defendants.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to File Amended Complaint and Add

Parties" ("Mtn. to Amend" [Doc. No. 75, filed February 28, 2008]) and the "Plaintiffs'

Substituted Motion to File Amended Complaint and Add Parties [Doc. No. 80, filed March 12,

2008]. No response was filed by any defendant[1] and the time has passed for the filing of such a response. D.C.Colo.LCivR 7.1(C).

The court has reviewed the submissions of the parties and the contents of the court files. Due to the issue of the receivership which was pending in the Court of Queens Bench of Alberta, Judicial District of Calgary, *Landsberg, et al. v. Klytie's Developments Inc., et al.,* Action No. 0701-08328, as well as the Order in the United States Bankruptcy Court for the District of Colorado, Case No. 07-22719 MER as to Defendants Klytie's Developments Inc., Klytie's Developments LLC, Hidai Friedman and Efrat Friedman, and the pending criminal indictment pending against Defendant Jason Sharkey in the First Judicial District Court of Colorado, the court extended discovery deadlines in this case. [Doc. No. 68, February 4, 2008]. The deadline for filing motions to join parties or amend the complaint was extended to February 28, 2008. *Id.* Therefore, the motion and proposed amended complaint were timely filed.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

---

[1]Defendants Klytie's Developments Inc., Klytie's Developments LLC, Hidai Friedman and Efrat Friedman are parties in a foreign receivership involved in a bankruptcy matter and accordingly all activity in this case has been stayed as to those defendants. Jason J. Sharkey is the sole active defendant.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

The plaintiffs state that they have "engaged in additional investigation of the facts" of the case and have "examin[ed] more closely those persons who participated in the solicitation of monies in the U.S., including Colorado on behalf of Klytie's LLC and Jason Sharkey." (Mtn. Amend ¶ 2). Plaintiffs allege that as a result they have uncovered new sources of money involved in the case and "numerous recipients of such monies, which were provided by investors." (Mtn. Amend ¶ 3) They now seek to add new parties and claims for unjust enrichment.

There is no indication that the inclusion of the new claims or parties are being added for the purpose of causing undue delay or as result of a dilatory motive on the part of the plaintiffs, nor that request for amendment is made in bad faith. There is no allegation and no support for an allegation that the plaintiffs have engaged in repeated failure to cure deficiencies by amendments

previously allowed. There does not appear to be any undue prejudice to any existing party by virtue of allowance of the amendment.

Therefore, it is ORDERED.

The plaintiffs' "Motion to File Amended Complaint and Add Parties" [Doc. No. 75], together with the "Plaintiffs' Substituted Motion to File Amended Complaint and Add Parties [Doc. No. 80] are GRANTED. The "Substituted First Amended Complaint and Jury Demand" heretofore attached and labeled Doc. No. 80-2, will be re-titled as "First Amended Complaint and Jury Demand" and hereby will be accepted and filed.

Dated this 4th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge