IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01318-WDM-KMT

THOMAS SEVERINO, SR.,
THOMAS SEVERINO, JR.,
DAWN POREDA,
GLENN POREDA,
JOSEPH HONAHAN,
KRISTIN HONAHAN, and
JEFFREY OWENS,

Plaintiffs,

v.

KLYTIE'S DEVELOPMENTS, INC.,
EFRAT FRIEDMAN,
HIDAI FRIEDMAN,
KLYTIE'S DEVELOPMENTS, LLC, and
JASON J. SHARKEY

Defendants.

---

**ORDER**

---

This matter is before the court on "Motion for Stay by Defendant, Jason Sharkey, and Submission in Support of Motion for Stay Filed by Klytie's Defendants" ("Motion for Stay" [Doc. No. 35, filed October 24, 2007]). "Plaintiffs' Response to Defendant Sharkey's Motion for Stay" was filed November 2, 2007 [Doc. No. 41].

**Procedural History**

The Complaint in this action was filed on June 22, 2007 alleging various securities violations, theft, fraud, breach of contract, deceptive trade practices and unjust enrichment. On September 13, 2007, Jason J. Sharkey filed crossclaims against Hidai Friedman and Efrat Friedman for fraudulent misrepresentation and concealment, claiming the Friedmans were liable to him for all or part of any damages ultimately payable to plaintiffs. A Canadian receivership purported to bar any action against the Friedmans and their companies, Klytie's Developments, Inc. and Klytie's Developments, LLC ( all four hereinafter referred to as "Klyties Defendants") and prohibited any distribution of assets worldwide, including settlement sums which had already been promised to the plaintiffs in this action. [Doc. No. 27, filed October 8, 2007]

On or about October 19, 2008, Jason S. Sharkey and Hidai Friedman were indicted by a grand jury in the First Judicial District, State of Colorado in Case No. 07CR01, for crimes arising out of the same transactions involved in the instant civil case. Mr. Sharkey moved to stay this civil action as a result.

Ultimately, the Klyties Defendants filed for bankruptcy protection in the United States Bankruptcy Court, for the District of Colorado and the Canadian receivership was recognized by the bankruptcy court. As a result of the automatic stay mandated by the bankruptcy filing, this court granted a stay in this case as to the Klyties Defendants, including the cross claims of Mr. Sharkey. [Doc. No. 81, filed March 28, 2008]. At that time, Jason Sharkey was the sole remaining defendant as to whom the proceedings had not been stayed.

On April 4, 2008 this court granted plaintiffs' motion to file an amended Complaint and join other parties. As of the date of this Order, no return of service has been filed on any of the newly joined parties.

**Analysis**

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

In this case, two issues eclipse all others in deciding on the propriety of a stay. The first is the grand jury indictment of Mr. Sharkey and cross-defendant, Hidai Friedman. The second is the grant of a stay of this litigation as to the Klyties Defendants and the effect of that stay on Mr. Sharkey's crossclaims.

When considering a stay in a matter involving parallel criminal and civil proceedings, the primary debate centers on the criminal defendant's potential waiver or invocation of his Fifth Amendment rights. "The Constitution [ ] does not ordinarily require a stay of civil proceedings

pending the outcome of criminal proceedings." *Securities Exchange Commission v. Dresser Industries Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 317-19 (1976)). The *Dresser* court stated, "a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action." *Id.* at 1375. *See also United States v. Kordel,* 397 U.S. 1, 11-12 (1970) (parallel civil and criminal actions might, in "special circumstances," raise constitutional problems and a defendant might be able to argue that his due process and self-incrimination rights require the stay of proceedings in the civil action.)

In *Cruz v. County of Dupage*, 1997 WL 370194, *1 (N.D. Ill. June 27, 1997), the court aptly observed the "ultimate question . . . is whether the court should exercise its discretion in order to avoid placing the defendants in the position of having to choose between risking a loss in their civil cases by invoking their Fifth Amendment rights, or risking conviction in their criminal cases by waiving their Fifth Amendment rights and testifying in the civil proceedings." In the view of the *Cruz* court, the "severe burden" defendants would face in fighting both proceedings simultaneously outweighed the potential prejudice to the private plaintiffs arising from a stay. *Id.; see also Brumfield v. Shelton*, 727 F. Supp. 282, 284 (E.D. La. 1989) ("In a case where there is a real and appreciable risk of self-incrimination, an appropriate remedy would be a protective order postponing civil discovery until termination of the criminal action."); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) ("A stay of civil discovery until after criminal proceedings are complete will enable [defendants] to defend the civil case vigorously without fear of subsequent prosecution").

In terms of the quandary Sharkey encounters, the court notes at the outset that it is not unconstitutional to force a defendant to make this Hobbesian choice. *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla., 2003). Balanced against the constitutional dilemma faced by Mr. Sharkey is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (*quoting Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971). In other words, stays of the normal proceedings of a court should be the exception rather than the rule. *See, e.g., Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *In re Par Pharmaceutical Inc*., 133 F.R.D. 12, 13 (S.D.N.Y. 1990).)

In determining whether to stay civil proceedings, courts balance the burden of proceeding with both cases simultaneously against the harm to the civil opponent, in this case the plaintiffs, if a stay were granted. *See* Judge Milton Pollack, Presentation at the Transferee Judges' Conference, PARALLEL CIVIL AND CRIMINAL PROCEEDINGS, 129 F.R.D. 201, 203 (1989). A motion for a stay entails a case-by-case, fact-specific inquiry, with courts frequently citing some combination of six factors in determining whether to enter a civil stay: the extent to which the issues in the criminal case overlap with those presented in the civil case; the status of the case, including whether the defendants have been indicted; the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; the private interests of and burden on the defendants; the interests of the courts; and the public

interest. *See Transworld*, 886 F. Supp. at 1139; *see also In Re WorldCom, Inc. Securities Litigation*, 2002 WL 31729501 (S.D.N.Y. Dec. 5, 2002); *County of Dupage*, 1997 WL 370194, at *2; *Digital Equip. Corp. v. Currie Enterprises*, 142 F.R.D. 8, 12 (D. Mass. 1991); *White v. Mapco Gas Products Inc*., 116 F.R.D. 498, 502 (E.D. Ark. 1987).)

In this case, the facts and issues intrinsic in both cases involving Mr. Sharkey are virtually identical. The indictment has been returned and, according to the parties, trial is imminent. That the criminal case is so postured is critical because it dictates both the degree of risk of self-incrimination and the length of potential delay to the civil case.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from delaying them is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Dresser*, 628 F.2d at 1375-76. Numerous courts, including the Southern District of New York in the *WorldCom* civil litigation, have granted civil stays in the post-indictment context. *In Re WorldCom, Inc.*, 2002 WL 31729501 at *9; *Volmar Distributors Inc. v. New York Post Co. Inc.*, 152 F.R.D. 36 (S.D.N.Y. 1993); *Midas International Corp. v. GV&G Trans. Services*, 1987 WL 18916 (N.D. Ill. Oct. 19, 1987); *Fidelity Funding of California v. Reinhold*, 190 F.R.D. 45, 48 (E.D.N.Y. 1997) (staying the civil case against the defendant who was under indictment while denying a stay as to his unindicted civil co-defendant); *Gala Enterprise Inc. v. Hewlett Packard Co.*, 1996 WL 732636, *2 (S.D.N.Y. Dec. 20, 1996) ("Pre-indictment requests of a stay of civil proceedings are generally denied").)

Not to be discounted in the analysis is the fact that Mr. Sharkey has filed pending cross claims against Defendant Hidai Friedman, his co-defendant in the criminal case. All proceedings in this case are stayed with respect to Mr. Friedman by operation of the automatic bankruptcy stay and this court's concomitant order. Therefore, Mr. Sharkey is doubly prejudiced by the need to testify in the civil action to effectively prosecute his cross claims concerning the directives he received from others, including Hidai Friedman, and the need to protect his Fifth Amendment rights against unfavorable inference in the civil case or waiver.

The plaintiffs are already delayed by the required stay as to the Klyties Defendants and adding Mr. Sharkey to this list will cause little, if any, further prejudice. Given the intertwined nature of the case as to Mr. Sharkey and the Klyties Defendants, judicial interests are also served by proceeding against all defendants at the same time.

**ORDER:**

I find, based on the facts of this case, that while any stay causes inconvenience and delay, the protection of the defendant's constitutional right against self-incrimination and his need to preserve his defense and cross claims are the more important considerations, especially since the criminal case is likely to be resolved before the bankruptcy stay on the other Klytie Defendants is lifted and before other proposed parties and claims are officially served and joined.

It is therefore, ORDERED Plaintiffs' Motion for Stay by Defendant, Jason Sharkey, and submission in Support of Motion for Stay Filed by Klytie's Defendants [Doc. No. 35] is GRANTED. The parties are directed to file a Notice with the court within ten days of any

disposition of criminal case 07CR01, First Judicial District, State of Colorado with respect to either of the named defendants.

Dated this 17th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge